CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH ROBERT SHENDOCK,<br>    Plaintiff, | Civil Action No. 7:08-cv-00311 |
| v. | **MEMORANDUM OPINION** |
| GREEN ROCK CORRECTIONAL<br>CENTER,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Kenneth Robert Shendock, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Shendock alleges that the defendants, prison officials at Green Rock Correctional Center ("Green Rock"), violated his constitutional rights when they delayed providing him with photocopies of habeas corpus forms that he needed to send to the court. Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice, because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before filing this action, as required under 42 U.S.C. § 1997e(a).

I

Following the directions in the inmate handbook for Green Rock, Shendock put in a request to his counsel to obtain photocopies of habeas corpus forms. Nothing happened. Shendock filed four more requests to the counselor, then two to the unit manager. Finally, he asked a lieutenant about the problem and was referred to another counselor, who apparently provided the requested copies ten (10) days after Shendock's initial request. Shendock alleges that he suffered "mental anguish from the worry that [his] habeas corpus forms would be late due to delays in service caused

1

by Green Rock." He seeks $10,000 in monetary damages. He does not, however, allege facts concerning the status of that habeas action– whether it was late or not and whether it has since been decided.

II

The Prison Litigation Reform Act ("PLRA") provides, among other things, that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the plain language of the statute, exhaustion of administrative remedies is a "prerequisite to suit" in the prisoner's civil rights context. See Nussle v. Porter, 534 U.S. 516, 524 (2002). The United States Supreme Court has held that the Section 1997e(a) exhaustion of administrative remedies requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong,"and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To satisfy §1997e(a) before filing his §1983 action, an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure. See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

On the face of his complaint, Shendock admits that he did not file "any grievances regarding the facts of [his] complaint." In explanation, he states: "I needed Hab[eas] Corpus papers copied, the length of time the grievance process takes would have resulted in my not meeting the paperwork deadline." On the verified statement form regarding exhaustion of administrative remedies, he

2

checked the option: "There are no administrative remedies available to me at this time, either because the issue I raise is nongrievable, or because there is no grievance procedure at the correctional facility at which I am confined."

It is clear from Shendock's statements that he did not comply with the exhaustion requirement of § 1997e(a). The short time he had in which to submit his habeas paperwork does not excuse his admitted failure to pursue available grievance remedies after that paperwork was filed, but before he submitted his § 1983 complaint. No, filing a grievance about the photocopy delay would not have changed the fact that Shendock waited ten days this time for the paperwork he needed. The exhaustion requirement applies, however, even if the available grievance remedies do not provide the inmate with the desired relief. A grievance about the delay would have notified prison officials of an alleged need to make procedural changes or talk with staff in order to make the photocopy system more efficient the next time, thus fulfilling the purpose of the exhaustion requirement. The bottom line for Shendock, however, is that he admits his failure to utilize the grievance procedures available to him concerning his photocopy claim before filing this lawsuit. Accordingly, the court must dismiss his complaint without prejudice for noncompliance with § 1997e(a).

III

In the alternative, the court will also dismiss this complaint under 28 U.S.C. § 1915A(b)(1) for failure to state any actionable claim under § 1983. First, Shendock names only Green Rock, the prison itself, as a defendant. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a <u>person</u> acting under color of state law. <u>West</u>

v. Atkins, 487 U.S. 42 (1988). A prison structure or organization is not a "person" subject to suit under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992) (finding that state prisons are not "persons" subject to suit under 42 U.S.C. §1983).

Second, even if Shendock were allowed to amend to name proper defendants, his allegations do not give rise to any constitutional claim against anyone. To state a claim that state officials have deprived him of the right to access the courts, an inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of some service or item. Lewis v. Casey, 518 U.S. 343, 351 (1996). Moreover, state officials cannot be held liable under § 1983 for negligent actions which interfere with an inmate's litigation efforts. Pink v. Lester, 52 F.3d 73 (4th Cir. 1995). At the most, Shendock's alleges that the counselor and the unit manager negligently failed to provide him the photocopies as quickly as he wished. Even if officials knew that he had a court deadline and failed to speed up the process for him, he fails to allege that his habeas action suffered because of the delay in receiving photocopies. Thus, the court will dismiss this action under § 1915A(b)(1) for failure to state a claim.[1]

IV

Because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before filing this court action and that his allegations fail to state any constitutional claim, the court must dismiss his complaint without prejudice, pursuant to § 1997e(a) and § 1915A(b)(1). An appropriate order shall be issued this day.

---

[1] **Plaintiff is advised that pursuant to federal law, a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).**

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of May, 2008.

/s/ James C. Turk
Senior United States District Judge